UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RAY SCOTT,<br><br>        Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social<br>Security,<br><br>        Defendant. | )<br>) No. CV-11-417-JPH<br>)<br>) ORDER GRANTING DEFENDANT'S<br>) MOTION FOR SUMMARY JUDGMENT<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

BEFORE THE COURT are cross-motions for summary judgment. ECF No. 16, 17. Attorney Maureen J. Rosette represents plaintiff. Special Assistant United States Attorney Franco L. Becia represents the Commissioner of Social Security (defendant). The parties have consented to proceed before a magistrate judge. ECF No. 10. On April 5, 2013, plaintiff filed a reply. ECF No. 19. After reviewing the administrative record and the briefs filed by the parties, the court **grants** Defendant's Motion for Summary Judgment, ECF No. 17.

## JURISDICTION

On October 20, 2008, plaintiff applied for supplemental security income (SSI) and disability insurance benefits (DIB) alleging disability as of December 29, 2004 (Tr. 172-176). At the hearing Scott amended onset to April 29, 2008 (Tr. 40-41). The applications were denied initially and on reconsideration (Tr.

118-125). Scott alleges disability due to physical and mental limitations.

Administrative Law Judge (ALJ) James W. Sherry held a hearing December 3, 2009. Plaintiff, represented by counsel, and a vocational expert testified (Tr. 37-72). On December 18, 2009, the ALJ issued an unfavorable decision (Tr. 13-28). The Appeals Council denied review October 13, 2011 (Tr. 1-6), making the ALJ's decision the final decision of the Commissioner and appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review November 1, 2011. ECF No. 1, 4.

### STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 48 years old at onset and 50 at the hearing (Tr. 42). Scott attended high school and earned a GED (Tr. 43, 572). He has worked as a cashier, short order cook, waiter, gate guard, security guard, bartender, cook's helper and house cleaner (Tr. 64-65). He is single and lives alone in an apartment (Tr. 43). Scott testified he was diagnosed with HIV in February 2001. He suffers anxiety and depression daily. He feels tired, worried, sleepless, fatigued and has no appetite. His vision is blurry. He has pain in his fingers, hips, back and knees. He can sit or stand for 30 minutes and walk a few blocks at a leisurely pace. Scott testified he thought he could stand or walk for 3-4 hours out of eight and sit for 3-4 hours but would need to lie down. He can lift ten pounds. He uses marijuana and was trying to get a medical marijuana card but had been turned down (Tr. 47-52, 54-55, 57,

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 2 -

60).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9ᵗʰ Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which

compares plaintiff's impairment with a number of listed
impairments acknowledged by the Commissioner to be so severe as to
preclude substantial gainful activity. 20 C.F.R. §§
404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P
App. 1. If the impairment meets or equals one of the listed
impairments, plaintiff is conclusively presumed to be disabled.
If the impairment is not one conclusively presumed to be
disabling, the evaluation proceeds to the fourth step, which
determines whether the impairment prevents plaintiff from
performing work which was performed in the past. If a plaintiff is
able to perform previous work, that Plaintiff is deemed not
disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At
this step, plaintiff's residual functional capacity (RFC)
assessment is considered. If plaintiff cannot perform this work,
the fifth and final step in the process determines whether
plaintiff is able to perform other work in the national economy in
view of plaintiff's residual functional capacity, age, education
and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v),
416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish
a *prima facie* case of entitlement to disability benefits.
*Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v.
Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is
met once plaintiff establishes that a physical or mental
impairment prevents the performance of previous work. The burden
then shifts, at step five, to the Commissioner to show that (1)
plaintiff can perform other substantial gainful activity and (2) a
"significant number of jobs exist in the national economy" which

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 4 -

1  plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th
2  Cir. 1984).

3  **STANDARD OF REVIEW**

4      Congress has provided a limited scope of judicial review of a
5  Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold
6  the Commissioner's decision, made through an ALJ, when the
7  determination is not based on legal error and is supported by
8  substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th
9  Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).
10 "The [Commissioner's] determination that a plaintiff is not
11 disabled will be upheld if the findings of fact are supported by
12 substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th
13 Cir. 1983)(*citing* 42 U.S.C. § 405(g)).

14 **ALJ'S FINDINGS**

15     ALJ Sherry found Scott was insured through March 31, 2010. At
16 step one, he found Scott did not engage in substantial gainful
17 activity after onset in April of 2009 (Tr. 15). At steps two and
18 three, he found Scott suffers from HIV, anxiety NOS, avoidant
19 personality disorder, major depressive disorder/depression and
20 polysubstance abuse, impairments that are severe but do not meet
21 or medically equal a Listed impairment (Tr. 15-16). The ALJ found
22 Scott's allegations regarding his limitations not entirely
23 credible (Tr. 232). The ALJ assessed an RFC for a range of light
24 work (Tr. 20-21). At step four, relying on a vocational expert,
25 the ALJ found Scott is able to perform his past relevant work as a
26 short order cook, gate guard, security guard and house cleaner
27 (Tr. 27). The ALJ found Scott has not been disabled as defined by
28 the Social Security Act at any time after onset in April 2008 (Tr.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 5 -

28).

**ISSUES**

Scott alleges the ALJ erred when he weighed the medical evidence. ECF No. 16 at 10-11. The Commissioner answers that because the ALJ's reasoning is supported by the record and free of legal error the Court should affirm. ECF No. 17 at 18.

**DISCUSSION**

**A. Credibility**

Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005). The ALJ gave clear and convincing reasons for his adverse credibility determination, and Scott does not challenge the determination, making it a verity on appeal. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). When he assessed credibility the ALJ considered, in part, Scott's failure to consistently seek treatment, lack of medical evidence supporting alleged limitations, ability to do volunteer work and inconsistent statements (Tr. 22-24).

The ALJ notes Scott failed to seek mental health treatment after he moved to Spokane, indicating perhaps he did not feel mental problems were severely limiting (Tr. 24). In February 2008, Scott told an evaluator he only wanted to establish counseling as a requirement to maintain disability and reported his depressive symptoms were well controlled with medication (Tr. 23, referring to Tr. 570-71). Scott admitted he is able to walk 8-10 blocks to

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 6 -

the store and back yet testified he has significant walking limitations. As the ALJ points out, the medical evidence and Scott's statements do not support significant walking limitations (Tr. 23). Scott testified he is unable to read a newspaper due to blurry vision yet has indicated he reads as a way to relieve stress (Tr. 23, referring to Tr. 538). The ALJ observes Scott has inconsistently reported alcohol consumption (Tr. 24, 349, 572, 680). In July 2007 he volunteered at Friends for Life once a week. He continued to volunteer there in September 2007 (Tr. 24, 248, 529). In July 2008, Scott reported he was looking for work (Tr. 632).

These are clear and convincing reasons supported by substantial evidence. *Thomas v. Barnhart,* 278 F.3d 947, 958-959 (9th Cir. 2002)(inconsistent statements diminish credibility); *Burch v. Barnhart,* 400 F.3d 676, 680-81 (9th Cir. 2005)(lack of consistent treatment and lack of medical evidence diminish credibility). Self-reported activities suggesting a greater functionality than claimed undermine credibility. *See Berry v. Astrue*, 622 F.3d 1228, 1235 (9th Cir. 2010).

**B. Standards for weighing opinion evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown,

medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-605 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen*, 881 F.2d 747, 751(9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.,* 44 F.3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-752 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-1043 (9th

Cir. 1995).

**C. Mirko Zugec, M.D.**

Dr. Zugec evaluated Scott on September 17, 2008 (Tr. 533-43). He opined Scott is overall severely limited, by depression and avascular necrosis,[1] but HIV causes no significant limitations (Tr. 535). Dr. Zugec recommended a psychiatric referral (Tr. 536). Dr. Zugec had seen Scott once as a patient, in July, before he performed this evaluation. At this first visit two months earlier, the ALJ observes Scott's symptoms of depression were scored as mild (Tr. 25, 557, 560-63).

Scott alleges the ALJ failed to give specific, legitimate reasons supported by substantial evidence for rejecting Dr. Zugec's contradicted opinion of plaintiff's physical functioning. ECF No. 16 at 12, 19 at 2-3.

The Commissioner responds that the ALJ's reasons are legally and factually supported and free of error. ECF No. 17 at 9-10.

The ALJ observes there is no medical evidence of avascular necrosis[2]. According to Dr. Zugec, Scott is "claiming" he has avascular necrosis in both hips, and he told Dr. Zugec he had previously been diagnosed with this condition (Tr. 25, 537, 539). At his first appointment with Scott, Dr. Zugec notes Scott says he was diagnosed with avascular necrosis in Memphis but there are "no records of this in the chart" (Tr. 551). The ALJ points out no

---

[1]Avascular necrosis is the death of bone tissue due to a lack of blood supply. It can lead to tiny breaks in the bone and the bone's eventual collapse. MAYOCLINIC.COM

[2]There are occasional references in the Tennessee records to such a diagnosis (*see e.g.*, "AVN, secondary to diclofenac," at Tr. 351) but no supporting evidence.

evidence of avascular necrosis was seen at an exam on September 12, 2007, despite Scott telling the examiner "he was told that he had avascular necrosis" [The record reads "avascular neurosis," but this appears to be a typographical error.](Tr. 16, 522-25; *see also* Tr. 373, 507). Imaging studies in November of 2008 showed unremarkable views of the pelvis and hips with no evidence of avascular necrosis (Tr. 25, relying on 553, 646, 653-54). Dr. Zugec later notes tests in October 2008 were negative for avascular necrosis (Tr. 732). In March 2012, treatment providers noted Scott's gait is stable, as it had been in April 2008 (Tr. 16, 675). A diagnosis based on an unreliable self-report may appropriately be discounted. Medical opinions that are brief, conclusory and inadequately supported by clinical findings may properly be discredited. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

With respect to depression, the ALJ points out Dr. Zugec is not a mental health professional medically trained to evaluate the severity of Scott's mental health impairment. Zugec recommended psychiatric referral. Importantly, at Zugec's second appointment with him, Scott indicated depression was his number one problem related to disability (Tr. 537, 539); however, he did not wish to change his psychotropic medication (Tr. 539). This indicates symptoms were not as severe as assessed. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006)(impairments that can be effectively controlled with medication are not disabling for purposes of determining eligibility for benefits).

As to the only remaining diagnosed condition, Dr. Zugec opined HIV is stable and causes no significant interference with

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 10 -

functioning (Tr. 25, referring to Tr. 535, 539).

The ALJ's reasons are specific, legitimate and supported by substantial evidence.

**D. Phyllis Sanchez, Ph.D., - February 11, 2008**

Scott essentially alleges the ALJ failed to give specific, legitimate reasons for rejecting Dr. Sanchez's opinion. ECF No. 16 at 13, 17-18.

Dr. Sanchez noted Scott was new to the northwest from Tennessee but seemed to have moved with no means of support. Scott was well dressed and well groomed. He denied significant problems with co-workers or supervisors[3]. He was not currently receiving mental health services (Tr. 544, 546-47). Dr. Sanchez opined Scott is moderately limited in the ability to perform routine tasks; respond appropriately to and tolerate the pressures and expectations of a normal work setting; control physical and motor movements and maintain appropriate behavior. She opined he may be able to return to work but has an "SSI claim pending" (Tr. 26, 546-47).

The ALJ notes Dr. Sanchez's opinion is internally inconsistent. At the same examination, Scott scored 29 of 30 on the Mini Mental Status, where cutoff for impairment is 24. Scott stated he had no social problems (Tr. 26, 548). The ALJ opined the assessed limitations were also inconsistent with the record as a whole (Tr. 26, 544-49).

The ALJ is correct. The record shows Scott inconsistently

---

[3]Again in October 2008, about four months after onset, Scott stated he gets along with others, including authority figures. He shopped daily, taking the bus or walking. He could walk one hour, cook, do yard work and send emails daily (Tr. 276-86).

sought mental health treatment, did not establish treatment after he moved to Spokane, stated in 2008 he only wanted to establish counseling to keep disability benefits and reported his symptoms were well controlled on medication (Tr. 23, 570-75). All contradict Dr. Sanchez's assessed but unsupported limitations.

**E. John Arnold, Ph.D., - November 27, 2009**

Plaintiff alleges the ALJ failed to properly credit the opinion of Dr. Arnold, who evaluated Scott on November 27, 2009 (Tr. 686-94). ECF No. 16 at 13-17. The Commissioner answers that the ALJ properly discounted the opinion because Scott clearly embellished symptoms at the evaluation, alleged limitations were unsupported by the objective evidence, and Arnold seemed to largely rely on Scott's unreliable self-report. ECF No. 17 at 15-17.

The Commissioner is correct.

Scott claimed he had experienced debilitating arthritis for 2-3 years (Tr. 686), a claim unsupported by medical evidence which consistently shows no upper or lower extremity limitations (Tr. 26-27, 524-25, 675). The ALJ notes Scott appeared at the evaluation with a cane and moved slowly, explained to Dr. Arnold he had to constantly wring his hands to keep them from stiffening and appeared to clearly embellish his symptoms (Tr. 26).

The medical evidence does not support the use of a cane, nor does it show problems with Scott's hands such as he described. The ALJ notes several physical exams revealed normal strength, etc. (Tr. 26-27). Dr. Arnold's assessed mental limitations are similarly unsupported by the record and internally inconsistent. Testing at this assessment showed adequate concentration (Tr.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 12 -

688), yet Dr. Arnold opined Scott's understanding, memory, sustained concentration and persistence were moderate to severely limited (Tr. 26-26, 691-93). An ALJ need not accept the opinions of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

In addition to the evidence previously discussed, the ALJ also gave weight to the September 2007 opinion of examining psychologist Hugh Moore, Ph.D., about seven months before onset. Dr. Moore noted Scott was taking zoloft. He had friends, mainly through Narcotic Anonymous. Activities included substance abuse and mental health treatment, volunteering and looking for work. Dr. Moore opined Scott's overall mental functional limitations appear mild (Tr. 26, referring to Tr. 527-30).

The assessed RFC adequately captures Scott's limitations and is supported by the evidence.

It is the role of the trier of fact to resolve conflicts in evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The ALJ acted in accordance with his responsibility to determine the credibility of the medical evidence, and he gave specific, legitimate reasons for discrediting particular opinions. *See Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *Magallanes v. Bowen*, 881 F.2d 747, 751-752 (9th Cir. 1989).

Although the evidence may support more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner where, as here, proper legal standards were applied in weighing the evidence and making the decision. *See Brawner*, 839 F.2d at 433; *Sprague*, 812 F.2d at 1229-1230.

The ALJ properly weighed the medical evidence of limitations and Scott's credibility. He came to a reasonable conclusion based on the evidence in the record, and that ends the court's inquiry on appeal. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005)("If the record would support more than one rational interpretation, we defer to the ALJ's decision.").

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence.

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 17,** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment, **ECF No. 16,** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel for the parties, enter judgment in favor of Defendant, and **CLOSE** the file.

DATED this 24th day of May, 2013.

s/ James P. Hutton
JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE